UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WEST BEND INSURANCE COMPANY**<br>1900 S. 18th Ave.<br>West Bend, WI 53095<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**ADVENTURES ON THE GREAT MIAMI, LLC,**<br>1995 Ross Rd.<br>Tipp City, OH 45371<br><br>and<br><br>**JACQUELINE P. STOERMER,**<br>Administrator of the Estate of Matthew J. Stoermer AKA Matthew Joseph Stoermer<br>2434 Grove St.<br>Denver, CO 80211<br><br>and<br><br>**DAVID RADOMINSKI,**<br>1410 Passport Ln.<br>Dayton, OH 45414<br><br>and<br><br>**SYDNEY JACKSON,**<br>Administrator of the Estate of James Jackson<br>220 Strader Ave.<br>Cincinnati, OH 45226<br><br><br>　　　　Defendants. | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Now comes the Plaintiff, West Bend Insurance Company ("West Bend"), by and through counsel and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and for its Complaint for Declaratory Judgment states as follows:

## I. INTRODUCTION

West Bend issued a Commercial Automobile Policy to Adventures of the Great Miami ("Adventures") that provides certain coverages including auto liability coverage for non-owned autos only while used in Adventures' business. The owner of Adventures was driving his vintage GTO apparently under the influence of illegal drugs and alcohol with friends when he lost control of it, resulting in his death, the death of one of his friends, and injuries to another passenger. West Bend seeks a declaration that it is not obligated to provide coverage for the injuries from this Accident because the GTO was not being used in Adventures' business at the time of the crash and, as such, does not constitute a covered auto under the West Bend Policy.

## II. THE PARTIES

1. West Bend is a business entity with its principal place of business located at 1900 S. 18th Ave., West Bend, WI 53095. West Bend is not organized under the laws of Ohio, nor does it have its principal place of business in Ohio. West Bend is a citizen and resident of Wisconsin for purposes of 28 U.S.C. § 1332.

2. Defendant, Adventures of the Great Miami ("Adventures"), is an Ohio corporation, with its principal place of business located at 1995 Ross Rd., Tipp City, OH 45371. Adventures can be served through its registered agent, Sydney Jackson, 1995 Ross Rd., Tipp City, OH 45371. Adventures is a citizen and resident of Ohio for purposes of 28 U.S.C. § 1332.

3. On information and belief, David Radominski is a resident of the State of Ohio and resides at 1410 Passport Ln., Dayton, OH 45414. Mr. Radominski is a citizen and resident of Ohio for purposes of 28 U.S.C. § 1332.

4. According to Miami County Probate Court records, an estate in James Jackson's name was opened on August 22, 2024 in Miami County, Ohio, where he resided at the time of his death. *See* Application for Authority to Administer Estate, Miami County Probate Court, Case No. 2024131, attached as Exhibit A. Sydney Jackson serves as the administrator of Mr. Jackson's estate and can be served at 220 Strader Ave. Cincinnati, OH 45371. The Estate of James Jackson is a citizen and resident of Ohio for purposes of 28 U.S.C. § 1332.

5. According to Montgomery County Probate Court records, an estate in Matthew Stoermer's name was opened on October 11, 2024 in Montgomery County, Ohio, where he resided at the time of his death. *See* Application for Authority to Administer Estate, Montgomery County Probate Court, Case No. 2024EST01948, attached as Exhibit B. Jacqueline P. Stoermer serves as the Executor of the Estate of Matthew J. Stoermer AKA Matthew Joseph Stoermer and can be served at 2434 Grove St., Denver, CO, 80211. The Estate of Matthew J. Stoermer AKA Matthew Joseph Stoermer is a citizen and resident of Ohio for purposes of 28 U.S.C. § 1332.

6. David Radominski, the Estate of James Jackson, and the Estate of Matthew Stoermer are named as defendants to this action for purposes of being bound by the Court's determination pursuant to *Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St. 3d 138 (2009).

### III. VENUE AND JURISDICTION

7. There presently exists an actual controversy between the parties as to their respective rights, duties, and obligations under an insurance policy. This action is brought pursuant to 28 U.S.C. § 2201, and West Bend's request that this Court issue a declaration as to the rights,

3

obligations, and legal relationships between it and Adventures, as established by the insurance policy at issue in this matter and as discussed in more detail below.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees, and costs.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim and associated loss occurred, and a substantial part of the property that is the subject of the action is situated in Miami County, Ohio.

10. Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, as this forum presents the only opportunity for West Bend to resolve the insurance coverage issues raised herein, and this declaratory judgment seeks judgment as to the construction of and liability under an insurance policy.

### IV. FACTUAL BACKGROUND

11. West Bend issued a Commercial Lines Insurance Policy, bearing Policy Number 1023904 15, to Adventures effective April 20, 2024 to April 20, 2025. Relevant portions of the Policy are attached at Exhibit C ( "the Policy").

12. On August 12, 2024, a 1969 Pontiac GTO operated by James Jackson, the owner of Adventures, was involved in a one car accident while travelling southbound on Sullivan Road in Bethel Township, Miami County, Ohio with two friends (the "Accident"). According to the Ohio Traffic Crash Report, Mr. Jackson, owned the GTO. See Traffic Crash Report, attached as Exhibit D.

4

13. Mr. Jackson died as a result of the Accident. One of the passengers, Matthew Stoermer, was ejected from the vehicle and also died. Another passenger, David Radominski, was partially ejected from the vehicle and allegedly sustained injuries.

14. A subsequent investigation revealed that Mr. Jackson had a blood alcohol content of .175%, 1,870 mg/ounce of cocaine, and 1.8 mg/ml of marijuana in his system at the time of the Accident.

15. Mr. Jackson's daughter provided a statement to West Bend following the Accident that she did not believe that her father was driving his GTO for business purposes at the time of the crash and had never used the GTO for his work at Adventures.

16. The estate of Mr. Stoermer and Mr. Radominski have retained counsel and presented an injury claim against Adventures related to the Accident.

17. West Bend disputes that Mr. Jackson's GTO was being used in Adventures' business at the time of the Accident. If the GTO was not being used in Adventures' business at the time of the Accident, it would not be considered a "non-owned 'Auto'" under the West Bend Policy, and West Bend would not be obligated to provide coverage for this loss.

18. As a result, West Bend is seeking a judgment declaring that Mr. Jackson was not driving his GTO in Adventures' business at the time of the Accident.

V. THE POLICY

19. The Policy issued to Adventures provides coverage only in accordance with policy terms, conditions, definitions, and exclusions. *See* Exhibit C, *generally*.

20. The Policy provides auto liability coverage, among other coverages, for Adventures. Specifically, the Policy provides coverage in an amount of $1,000,000 for all sums

an insured must pay for damages because of bodily injury caused by an accident and resulting from the use of a covered auto:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

#### A. Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

*See* Ex. C, West Bend Policy Business Auto Coverage Form, Form CA 00 01 11 20, Pg. 2 of 13..

21. Covered autos are identified as those autos designated by symbols 7, 8, and 9.

Symbol 7 covers autos specifically described in the Policy:

Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

See Ex. C, Business Auto Coverage Form, CA 00 01 11 20, p. 1 of 13.

22. Further, Symbol 8 describes autos which are leased, hired, borrowed, or rented:

Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households.

*Id*.

23. Relevant here, Symbol 9 describes non-owned autos, which include those non-owned autos owned by employees but only while used in Adventures' business:

Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs.

*Id*.

24. The GTO involved in the crash was not listed as a specifically described auto under the Policy. As such, it is not a covered auto under Symbol 7. Further, because it was owned by Jackson, it does not constitute a vehicle it leased, hired, rented, or borrowed by Adventures.

25. The Policy provides that West Bend has no duty to defend an insured seeking damages to which the insurance does not apply:

> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

*Id*.

26. Because Mr. Jackson was not driving his vehicle in connection with Adventures' business at the time of the accident and never used his GTO for his work for Adventures, West Bend is not obligated to defend Adventures or provide indemnity coverage for any claim arising out of the Accident.

27. In addition to the foregoing provisions, West Bend pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy that may also be applicable and reserves the right to amend its Complaint for Declaratory Judgment as additional or more specific information becomes available.

**DECLARATORY RELIEF SOUGHT**

28. West Bend incorporates each and every averment contained within paragraphs 1 through 28 of its Complaint as if fully rewritten herein.

29. West Bend seeks a judgment declaring the rights and duties of West Bend and Adventures relative to an actual, present, and existing controversy existing between West Bend and Adventures as to the interpretation of the Policy.

30.    West Bend seeks a declaration that Mr. Jackson's GTO is not a covered auto under the West Bend Policy at the time of the Accident because he was not using it for Adventures' business at the time of the Accident.

31.    West Bend seeks a declaration that it is not obligated to defend any insured under the West Bend Policy for liability arising out of the Accident.

32.    West Bend seeks a declaration that it is not obligated to provide coverage for liability arising from the Accident.

33.    West Bend seeks a declaration that it is not obligated to indemnify any insured under the West Bend Policy for liability arising out of the Accident.

34.    West Bend seeks a declaration that David Radominski, the Estate of James Jackson, and the Estate of Matthew Stoermer are bound by the coverage determinations made by this Court.

**WHEREFORE**, Plaintiff West Bend Insurance Company, demands as follows:

1.    Mr. Jackson's GTO was not a covered auto under the West Bend Policy at the time of the Accident.

2.    West Bend is not required to provide coverage for any claim arising from the Accident.

3.    West Bend is not obligated to defend any insured for claims arising out of the Accident.

4.    West Bend is not required to indemnify any insured under the West Bend Policy for liability arising out of the Accident.

5.    That West Bend, Adventures, David Radominski, the Estate of James Jackson, and the Estate of Matthew Stoermer are bound by this Court's determination.

6.    For any other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

*s/ Brian D. Sullivan*
Brian D. Sullivan (0063536)
Julie Grace VanVliet (0104946)
REMINGER CO., L.P.A
200 Public Square, Suite 1200
Cleveland, Ohio 44114
Telephone: (216) 687-1311
Facsimile: (216) 687-1841
Email: bsullivan@reminger.com
jvanvliet@reminger.com

**Counsel for Plaintiff, West Bend Insurance Company**