IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

WEST BEND INS. CO.,

    Plaintiff,

    v.

ADVENTURES ON THE
GREAT MIAMI, LLC, *et al.*,

    Defendants.

:

:

:

Case No. 3:25-cv-256

Judge Walter H. Rice

Magistrate Judge Caroline H. Gentry

---

ORDER SUSTAINING MOTION TO INTERVENE OF INTERVENOR-DEFENDANT
GRANGE INDEMNITY INS. CO. (DOC. #24); GRANGE SHALL FILE ITS ANSWER
TO THE AMENDED COMPLAINT OF PLAINTIFF WEST BEND INS. CO. (DOC.
#31), ITS COUNTERCLAIM AGAINST WEST BEND, AND ITS CROSS-CLAIM
AGAINST DEFENDANT DAVID RADOMINSKI WITHIN SEVEN (7) DAYS OF
ENTRY; WEST BEND AND RADOMINSKI MUST ANSWER, MOVE, OR
OTHERWISE RESPOND TO THE COUNTERCLAIM AND CROSS-CLAIM,
RESPECTIVELY, WITHIN TWENTY-ONE (21) DAYS THEREAFTER

---

Before the Court is the Motion to Intervene of purported Intervenor-Defendant Grange Indemnity Insurance Company ("Grange"). (Doc. #24). For the reasons set forth below, the Motion is SUSTAINED.

I.    **Factual Background**

On August 12, 2024, Defendant David Radominski was riding in a car driven by a James Jackson, who was "apparently under the influence of alcohol and illegal drugs." (Doc. #24, PAGEID 140). Jackson lost control of the car and caused a single-vehicle crash, killing Jackson and another passenger and severely

injuring Radominski. (*Id.*). At the time of death, Jackson owned a company, Defendant Adventures on the Great Miami, LLC ("Adventures"), to which West Bend had issued "a commercial lines insurance policy[.]" (*Id.*). West Bend filed the instant declaratory judgment action, in relevant part for the Motion, against Adventures and Radominski to determine whether West Bend, by virtue of being Adventures's insurer, has any liability to Radominski. (*Id.*). Meanwhile, Radominski, claiming that his injuries were in excess of the $100,000 policy limit he received from Jackson's personal automobile insurer, presented a claim on his (Radominski's) automobile policy, issued by Grange, for underinsured motorist ("UIM") coverage. (*Id.* n.1).

Grange, in turn, filed the instant Motion, seeking to assert a counterclaim against West Bend and a cross-claim against Radominski, both for declaratory judgment. (Doc. #24, PAGEID 139). Grange argues that it may intervene in the case as of right. (*Id.* at PAGEID 141, citing FED.R.CIV.P. 24(a)(2); *Estate of Lewis by and through Duran v. City of Columbus, Ohio*, 158 F.4th 814, 822 (6th Cir. 2025); *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007)). Specifically, Grange claims that its intervention is timely, as the case was less than six months old at the time of the Motion, the parties have not completed discovery, and Grange moved promptly to intervene once it reasonably discovered that its interests were implicated. (*Id.* at PAGEID 141-43). Grange also argues that its interests are *directly* implicated by the outcome of the instant case,

2

since the determination of West Bend's liability may bear directly upon the amount payable, if any, by Grange under the UIM coverage; *e.g.*, the existence and scope of Grange's liability depend in part upon whether West Bend must make payment to Radominski. (*Id.* at PAGEID 143-44). Grange asserts that these interests are direct and put it in a position beyond being "merely a liability carrier seeking to monitor litigation strategy." (*Id.* at PAGEID 144). Grange claims that its ability to contest disputed facts in the case is essential, because "any ruling on the existence and scope of liability coverage under the West Bend policies will impact Radominski's UIM posture and necessarily inform Grange's evaluation of triggering, credits/setoffs, and the amount available for payment analysis, as well as Grange's subrogation posture and exposure assessment." (*Id.* at PAGEID 145). Finally, Grange argues that West Bend's interests are directly adverse to it, and that its interests are not fully aligned with those of Radominski, the Estates of Jackson and Matthew Stoermer (the passenger decedent), and Adventures, meaning that none of the existing parties adequately protects Grange's interests. (*Id.* at PAGEID 146-47).

Grange concludes that, having satisfied all elements under Rule 24(a), it should be permitted to intervene as of right. (Doc. #24, PAGEID 146-47). Alternatively, Grange argues that, because there is significant factual and legal overlap between Grange's interests and the issues being litigated in the instant case, and because intervention would not unduly delay the proceedings or

3

prejudice any party, the Court should allow Grange to intervene permissively. (*Id.* at PAGEID 147-48, citing FED.R.CIV.P. 24(b)(1)(B), (b)(3).

In its memorandum *contra*, West Bend argues that "the question of Grange's available coverage involves separate legal analyses and the interpretation of separate insurance policies. Therefore, . . . this Court [should] deny Grange's Motion to intervene under both Fed. R. Civ. P. 24(a) and 24(b)(1)(B)." (Memo. in Opp., Doc. #30, PAGEID 284). West Bend concedes that Grange's Motion is timely, but argues that Grange fails to meet any of the other elements required for intervention. (*Id.* at PAGEID 284-85, quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). Specifically, West Bend claims that Grange has nothing more than a contingent interest in the proceedings, because whether coverage under Radominski's Grange policy is implicated depends on "whether West Bend is obligated to indemnify Radominski under its commercial liability policy[.]" (*Id.* at PAGEID 286). West Bend notes that this Court has repeatedly "den[ied] intervention to third-party liability insurers where the insurers seek to intervene in an underlying action to determine coverage" (*id.* at PAGEID 286-87 (collecting cases)), and asks that this Court do so for that reason here.

West Bend further asserts that Grange's interests are adequately protected, because the goal of Radominski in the instant case, maximizing payment from West Bend, aligns with Grange's goal—reducing or eliminating the amount

4

Radominski would claim from Grange.  (Doc. #30, PAGEID 289, citing *M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2022 U.S. Dist. LEXIS 37344, *10 (S.D. Ohio Mar. 3, 2022) (Marbley, J.)).  Finally, West Bend argues that Grange's interests are unclear, because any liability under the UIM policy is not at issue, meaning that Radominski's alleged adverse interest vis-à-vis Grange— "maximiz[ing] his recovery under the West Bend Policy *and* preserve arguments regarding potential UIM coverage through Grange" (*id.* (emphasis in original), citing Doc. #24, PAGEID 146)—is speculative.  Having failed to meet the required elements, West Bend concludes, Granger may not intervene as of right.  (*Id.*).  Moreover, West Bend argues that, because Grange's interests are distinct from those of any party, Grange shares no common question of law or fact with the instant case, and, thus, should not be permitted to intervene permissively. (*Id.* at PAGEID 290).

In Reply, Grange argues that the instant case is different than those relied upon by West Bend to argue that Grange's interest is merely contingent are inapposite: "This is not a third-party tort action where coverage is collateral, but a coverage case West Bend itself filed."  (Doc. #35, PAGEID 311).  Grange argues that the adjudication of West Bend's exposure "will directly control the amounts available for payment analysis under Grange's UIM coverage—an issue that is not dependent on a future merits case[,]" (*id.* at PAGEID 313), and that intervention "allows all interested insurers to be heard, avoiding duplicative parallel litigation

5

and promoting consistent rulings on the coverage questions." (*Id.*). As to other parties representing Grange's interests, Grange asserts that there is no reason to think that, if Radominski does not obtain full recovery from West Bend, he will abandon any claim against Grange. (*Id.* at PAGEID 313-14). Finally, Grange claims that there are substantial common issues of law and fact, including:

> [T]he circumstances of the occurrence, the vehicle's purpose/use, the relationship among the parties, and the facts potentially affecting any exclusions/coverage defenses asserted by West Bend. Further, whether Radominski is entitled to coverage under his Grange automobile policy is directly tied to the core question presented by West Bend's complaint—whether there is coverage available under the West Bend policy for the subject loss. Grange's coverage position turns on the same accident, same parties, and same liability coverage availability determination.

(*Id.* at PAGEID 315). Accordingly, Grange concludes that, whether permissively or as of right, it should be allowed to intervene. (*Id.*).

The matter is now ripe for decision.[1]

## II. Legal Standards

> On timely motion, the court *must* permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED.R.CIV.P. 24(a)(2) (emphasis added). To intervene as of right, a party must demonstrate "(1) timeliness; (2) a substantial legal interest in the subject matter of

---

[1] On February 10, 2026, the same day on which Grange filed its Reply, Radominski filed a memorandum supporting Grange's Motion. (Doc. #36). As the Motion is sustained on the basis of Grange's briefing alone, the Court does not consider Radominski's filing.

the case; (3) an impaired ability to protect that interest absent intervention; and (4) inadequate protection of its interest by current litigants." *Estate of Lewis*, 158 F.4th at 822.  Additionally, "[o]n timely motion, the court *may* permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact."  FED.R.CIV.P. 24(b)(1)(B) (emphasis added).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED.R.CIV.P. 24(b)(3).  The United States Court of Appeals for the Sixth Circuit has repeatedly held that "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000), quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

## III.    Analysis

### A.    Intervention as of Right

West Bend concedes that the Motion is timely (Doc. #30, PAGEID 285), and given that Grange filed its Motion less than six months after West Bend filed its initial Complaint (Doc. #1) and on the same day on which West Bend filed its Amended Complaint (Doc. #31), there is no dispute that Grange's Motion is timely.

As to the "direct, substantial interest" element, West Bend argues that Grange's interest in the outcome is merely contingent, and that this Court has held that a contingent interest is too remote to permit intervention as of right. (Doc. #30, PAGEID 285-86, quoting *M.A.*, 2022 U.S. Dist. LEXIS 37344, *5, 9-10; *J4*

7

*Promotions, Inc. v. Splash Dogs, LLC*, No. 2:09-cv-136, 2010 U.S. Dist. LEXIS 54063, *8 (S.D. Ohio May 3, 2010) (Marbley, J.)). In both *M.A.* and *J4*, this Court held that the interests of the movant insurers, who sought to intervene and obtain declaratory judgments as to their obligations to defend and indemnify their respected insured defendants, were contingent and too remote to constitute the required substantial interest. *M.A.*, 2022 U.S. Dist. LEXIS 37344, *9-10, citing *J4*, 2010 U.S. Dist. LEXIS 54063, *3. However, in both *M.A.* and *J4*, the question of the insurers' defense and indemnification obligations were independent of Plaintiff's claims in the lawsuit—harm from human trafficking and copyright infringement, respectively. *M.A.*, 2022 U.S. Dist. LEXIS 37344, *4-5; *J4*, 2010 U.S. Dist. LEXIS 54063, *1. Here, as Grange points out, "West Bend itself invoked the Court's jurisdiction to adjudicate coverage." (Doc. #35, PAGEID 313). The resolution of this case bears on whether Radominski can seek UIM coverage from Grange, and for what amount. Thus, Grange has a direct, substantial interest in the subject matter of the lawsuit, and has met the second element.

As to the third and fourth elements, West Bend argues that Grange and Radominski's interests are aligned because they share the same goals in this litigation—West Bend being declared liable to Radominski, and Radominski obtaining maximum payment from West Bend—and, thus, Grange's interests are not impaired absent intervention. (Doc. #30, PAGEID 287-89, citing *M.A.*, 2022 U.S. Dist. LEXIS 37344, *10; Doc. #24, PAGEID 146). West Bend's argument is

incomplete. As Grange notes, Radominski is presumably agnostic as to the party from which he obtains payment, and there is the possibility that Radominski may prefer to pursue recovery from Grange instead of West Bend, if he concludes that the former is a deeper pocket. (Doc. #35, PAGEID 314). In presenting this argument, Grange has met the "minimal" burden of showing impairment if intervention is denied, *Mich. State AFL-CIO*, 103 F.3d at 1247, and that the current parties in the case may not adequately represent Grange's interests. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). As Grange has met all four elements, *Estate of Lewis*, 158 F.4th at 822, it must be allowed to intervene.

### B. Permissive Intervention

While the Court has determined that Grange is entitled to intervene as a matter of right, for the reasons set forth above, the Court also concludes that Grange's claims or defenses "share[] with the main action a common question of law or fact[,]" FED.R.CIV.P. 24(b)(1)(B), and, consequently, would have allowed Grange to intervene permissively if necessary.

### IV. Conclusion

For the foregoing reasons, the Grange's Motion to Intervene (Doc. #24) is SUSTAINED. Grange shall file its Answer to West Bend's Amended Complaint (Doc. #31), Counterclaim against West Bend, and Cross-Claim against Radominski within SEVEN (7) days of entry. West Bend and Radominski shall answer, move,

or otherwise respond to Grange's claims against them within TWENTY-ONE (21) days thereafter.

IT IS SO ORDERED.

_Walter H. Rice_

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

May 8, 2026